IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREGORY M. DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>AMALGAMATED TRANSIT UNION,<br><br>    Defendant. | CIVIL ACTION NO.<br><br>1:22-cv-02770-JPB |

## ORDER

This matter is before the Court on *pro se* plaintiff Gregory M. Davis' ("Davis") affidavit and application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a). [Doc. 1].[1] After consideration by the Court of the affidavit of indigency only, Davis' request to proceed *in forma pauperis* is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a), and he shall be allowed to proceed with this action without prepayment of filing fees, docket costs, or United States Marshals Service fees. However, it is further **ORDERED** that service of process shall not issue at the present time, and the Clerk is **DIRECTED** to refrain from forwarding the motion to compel arbitration, [Doc. 1-1],[2] to the United States Marshals Service for service until the District Judge orders otherwise.

---

[1] The listed document and page numbers in citations to the record in this Order refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

[2] The Court notes that a plaintiff "may petition this Court directly for an order compelling arbitration," however; "9 U.S.C. § 4 requires, at the very least an

Under 28 U.S.C. § 1915(e), the Court must dismiss an *in forma pauperis* complaint if it determines that the allegation of poverty is untrue, or that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citation omitted). "Unsupported conclusory factual allegations [] may be 'clearly baseless.'" Craven v. Florida, No. 6:08-cv-80-Orl-19GJK, 2008 WL 1994976, at *4 (M.D. Fla. May 8, 2008), adopted at *2. Accordingly, the Clerk is also **DIRECTED** to submit this file to the assigned District Judge for a frivolity determination under 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED** and **DIRECTED**, this 22nd day of July, 2022.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration[.]" Rush v. CarMax Auto Superstores, Inc., CIVIL ACTION NO. 1:20-cv-3603-LMM, 2020 WL 8617688, at *1 (N.D. Ga. Sept. 30, 2020) (citations and internal marks omitted), aff'd, No. 20-14719, 2021 WL 3418839 (11th Cir. Aug. 5, 2021) (per curiam).