FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 14 2022

KEVIN P. WEIMER, Clerk
By: PT Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| GREGORY M. DAVIS <br> PLAINTIFF, <br> VS. <br> AMALGAMATED TRANSIT UNION et al. <br> DEFENDANT, | ) <br> ) <br> ) CASE NO: <br> ) <br> ) <br> ) |

## MOTION TO COMPEL ARBITRATION AND MEMORANDUM OF LAW IN SUPPORT

AND NOW, comes the Plaintiff, Gregory M. Davis, by and through himself, *pro se*, to file the instant motion to compel arbitration and memorandum of law in support thereof to hereby state as follows:

1. The Plaintiff initiates the instant action against the Defendants by way of wrongful termination of employment as well as failure to provide benefits as agreed upon thereby giving rise to the instant complaint.

2. On 10/12/14 the Plaintiff, a bus operator, was involved in a motor vehicle accident where the drive of the other vehicle crossed over the double yellow lines and collided head on with the bus that the Plaintiff was operating. Driver of the other vehicle was pronounced deceased at the scene.

4. The Plaintiff suffered back, head, arm, hand, and shoulder injuries as a direct and proximate cause of the accident as well as signs and symptoms pertaining to PTSD and Anxiety as well as other psychological issues resulting from the accident.

6. The Plaintiff was not contacted by anyone with regards to any instructions for continuing and the letter of termination stated that the reason for termination was that the Plaintiff was not able to perform their job duties. However, the Plaintiff was not provided with any assignment or job duties to perform.

7. Clearly in the instant matter there exists a cause of action for wrongful termination of employment as well as discrimination on the basis of disability in violation of the Americans With Disabilities Act (ADA) thereby giving rise to the cause of action described herein.

8. Normally in cases such as this there exists an agreement to arbitrate claims that arise with regards to disputes with a unionized transportation service employer thereby giving rise to the instant motion to compel arbitration.

9. As a result, the Plaintiff is requesting that this Honorable Court compel the Defendants to engage in arbitration in the instant matter as well as issue any other relief deemed necessary and applicable on the basis of the facts and circumstances described herein. The grievance-arbitration process is to forward the grievance documents by email to Ms. Cooper in Marta Labor Relations department electronically pursuant to the collective bargaining agreement which has taken place in the instant matter without any results. The electronic email must come from Vice President of ATU Local 732 Office Mr. Rufus Silas or President's Office of ATU Local 732 Mr. Britt Duncan or one of the secretaries for those two individuals

10. Plaintiff's claims are subject to the same Arbitration Clause, which provides that the borrower can select the American Arbitration Association ("AAA") or JAMS as the arbitrator, and to the same delegation clause that have been examined by six other federal district courts. As discussed below at Part II, section C, all six federal courts have enforced arbitration clauses and required the parties to arbitrate:

- Yaroma v. CashCall, Inc., No. CV 15-08-GFVT, 2015 WL 5475258, at *4-6, *8 n.8 (E.D. Ky. Sept. 16, 2015);

- Kemph v. Reddam, No. 13-cv- 6785, 2015 WL 1510797 (N.D. Ill. Mar. 27, 2015);

- Williams v. CashCall, Inc., 92 F. Supp. 3d 847 (E.D. Wis. 2015);

- Hayes v. Delbert Servs. Corp., No. 3:14-cv-258, 2015 WL 269483 (E.D. Va. Jan. 21, 2015);

- Chitoff v. CashCall, Inc., No. 0:14-cv-60292, 2014 WL 6603987 (S.D. Fla. Nov. 17, 2014); and

12. The outcome here should be no different: this Court should compel arbitration as to the entire case.

13. For the reasons set forth more fully below and in Plaintiff's memorandum in support thereof, this Court should compel arbitration of the parties' dispute pursuant to Sections 3 and 4 of the FAA, 9 U.S.C. §§ 3, 4 and stay or dismiss the current civil action.

## II. ARGUMENTS AND CITATIONS OF AUTHORITY

14. Federal law heavily favors arbitration and requires the Court to compel arbitration in accordance with the parties' agreement.

15. Specifically, under the FAA, written agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 664 (2010) (central purpose of the FAA "is to ensure that private agreements to arbitrate are enforced according to their terms.") (internal quotations and citation omitted); Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 270 (1995).

16. The United States Supreme Court has explained that the FAA enunciates a "strong federal policy in favor of enforcing arbitration agreements" that requires courts to "rigorously enforce agreements to arbitrate." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 217, 221 (1985); see also DIRECTV, Inc. v. Imburgia, 136 S. Ct. 463, 471 (2015).

17. That federal policy applies "notwithstanding any state substantive or procedural policies to the contrary." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," including when "constru[ing] . . . the contract language itself." Id. at 24-25.

18. "[C]ourts must place arbitration agreements on equal footing with other contracts, [ ] and enforce them according to their terms . . . ." AT&T Mobility LLC v. Concepcion, 563 U.S. 333 (2011) (citation omitted). "[W]henever enforcement of an arbitration agreement is requested, this Court is required to send the parties to arbitration 'upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration.'" Southland Health Servs., Inc. v. Bank of Vernon, 887 F. Supp. 2d 1158, 1164 (N.D. Ala. 2012).

19. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues" covered by an arbitration agreement. Dean Witter Reynolds, 470 U.S. at 218

20. The plain language of the Arbitration Clause compels a simple interpretation: it allows arbitration before the CRST, but also permits arbitration before the AAA or JAMS using those two organizations' rules. The AAA and JAMS are alternatives to tribal arbitration. Pursuant to the AAA and JAMS rules governing consumer disputes, those organizations select arbitrators exclusively from their national rosters of arbitrators, and those arbitrators use the rules of the AAA or JAMS to conduct the arbitration. Thus, Plaintiff can have his claims heard by the AAA

or JAMS arbitrators, using AAA or JAMS rules. No tribal participation is required nor must the arbitration be conducted in accordance with the CRST's consumer dispute rules and, therefore, the " non-existent forum" theory necessarily fails.

21. This Court need not plow new ground because the other federal courts reviewing similar challenges to the exact same language have found that the Arbitration Clause enables the borrower to arbitrate with the AAA or JAMS without any participation by the CRST. In Yaroma, for example, Judge Van Tatenhove concluded that the AAA and JAMS could appoint their own arbitrators to hear the parties' disputes. Yaroma, 2015 WL 5475258, at *4-6 ("a proper arbitral forum exists, and therefore the arbitration provisions are enforceable and will not deprive Yaroma of a meaningful way of resolving her dispute.").

22. Similarly, in Chitoff v. CashCall, Inc., No. 0:14-cv-60292, 2014 WL 6603987 (S.D. Fla. Nov. 17, 2014), Judge Rosenberg of the Southern District of Florida found that an arbitration clause identical to that at issue "only requires that a tribal representative administer arbitration except as otherwise provided, and a subsequent portion of the agreement allows for arbitration to be administered by the [AAA] or by [JAMS]." Id. at *1. Consequently, Judge Rosenberg compelled arbitration. Id. at *2.

23. For the reasons stated above, the Delegation Clause is valid and enforceable and, accordingly, the Court should compel arbitration and stay Plaintiff's action until the arbitration proceedings are concluded without causing the Plaintiff's claims in the instant matter to be tolled against the relevant and applicable statutes of limitations pursuant to the Federal law that heavily favors arbitration and requires the Court to compel arbitration in accordance with the parties' agreement.

## III. CONCLUSION

WHEREFORE, based on the foregoing, the Plaintiff respectfully requests that this Honorable Court compel the Defendants to arbitrate the claims pertaining to the instant matter as well as issue any and all other relief deemed necessary and applicable.

DATED: June 30, 2022                                Respectfully Submitted,


_____ 7/5/22

# Certificate of Service

I certify _Gregory Davis_ has mailed out thru mail/parcel (USPS or UPS) Certificate of Service to this party at current address below. On this day July 5th 2022.

ATLI Local 732
V.P. Rufus Silas, President
Britt Dunams, Trustee
Patricia Giles
3234 Dogwood Dr
Hapevillie, GA 30354



# AMALGAMATED TRANSIT UNION
## LOCAL 732
"Freedom through Organization"

# Grievance

Grievance number _____   Page 1 of 3

Name GREGORY M. DAVIS   Employee I.D. Badge 5233   Date 4/4/22

Address 4642 ERVEST DR   City Forest Pk   Zip 30297

Home # (7) 895-6165   Cell Phone (7) 895-6165   Shop Steward Alfonso Harris / Sheena Raymer

Position BUS OPERATOR   Work Location C-Division/Hamilton

Superintendent/Supervisor Leonard Beckett   Phone # _____

Nature of Grievance: ~~____~~ Re-instate benefits, etc AND Re-Retire

State Briefly and plainly all circumstances connected with case:
_____
_____
_____
_____
_____
_____
_____
_____

*Additional information may be brought to step(s) hearings:*

**REMEDY:**
Re-instate her employment with MARTA; and to make her whole with any and all backpay, overtime, holiday pay, vacation pay, insurance benefits, pension contributions, seniority, and any benefits she would have been entitled to had her employment with the authority not been interrupted.

SIGNATURE: _[signed]_

*By signing above, I hereby authorize the Marta Transit Authority to release my employee record information to Local 732 or (appointee) Shop Steward ___ Yolanda Kin-Adams ___

ATU Officer Signature: ___ Yolanda King-Adams ___   Date: 9/8/21

3234 Dogwood Drive · Hapeville GA 30354
TELEPHONE (404) 223-5122 · FAX (404) 223-5244
E-Mail: 732@atu732.org   Website: www.atu732.org

On 10/12/14 I was in an accident on Roosevelt Highway. The driver of the POV crossed over the double yellow line and collided head on with the bus that I was operating. The driver of the POV was pronounced dead at the scene.

I suffered back, head, arm, hand and shoulder injuries caused by the accident. I suffer from PTSD and anxiety other pyscological issues resulting from the accident.

I was terminated on June 1- 2016. On Jenuary 30 2016 I was released from the Workmans Compensation doctor to return to work with restrictions/limitations.

I was not contacted by anyone at Marta with any instructions. I was not given an assignment, a work location, job duty ~~or job duties~~. The termination letter stated the reason for termination was I was not able to perform my job duties. I was not given ~~job duties~~ any assignment or job duties to perform

Also all this was to be completed by 18 mth period so I could return to work by ~~date~~ ~~~~ April 17 2016 

Remedy Compensation / Made Whole

① wage   45K A yr × 8

② overtime (I should have got paid)

③ Vacation HRS   I should have got paid

④ Social Security (which will affect future payment)

⑤ Tempory - Disability

⑥ Pension (as if I was still working with 23 yrs / disability pension

\* All with interest back pay ＝ 1 million dollars

4/#/22
[signature]