UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREGORY M. DAVIS,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>AMALGAMATED TRANSIT UNION,<br><br>　　　Defendant. | CIVIL ACTION NO.<br>1:22-CV-02770-JPB |

## ORDER

This case is before the Court on a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2). The Court finds as follows:

## BACKGROUND

On July 14, 2022, Gregory M. Davis ("Plaintiff") sought leave to initiate the instant civil action *in forma pauperis* against Amalgamated Transit Union ("Defendant"). [Doc. 1]. Plaintiff attached to his application a Motion to Compel Arbitration. [Doc. 1-1]. Upon review, the Magistrate Judge granted Plaintiff's Application for Leave to Proceed *in forma pauperis*. [Doc. 2]. In the same order, the Magistrate Judge directed the Clerk to refrain from forwarding the motion to compel arbitration to the United States Marshals Service until this Court orders

otherwise. Id. at 1. The Magistrate Judge also directed the Clerk to submit Plaintiff's Motion to this Court for a frivolity determination under 28 U.S.C. § 1915(e)(2). Id. at 2.

The Motion to Compel Arbitration states that Plaintiff initiates the instant action against Defendant for wrongful termination of employment and failure to provide benefits. [Doc. 3, p. 1]. Plaintiff alleges that on October 12, 2014, while working as a bus operator, he was involved in a motor vehicle accident. Id. Plaintiff states that he suffered several physical injuries and psychological issues "as a direct and proximate cause of the accident." Id. Plaintiff further asserts that after the accident, he was "not contacted by anyone [regarding] any instructions for continuing [employment]." Id. at 2. According to Plaintiff, Defendant terminated him for not being able to perform his job duties. Id.

Plaintiff asserts that a cause of action exists for wrongful termination of employment as well as discrimination on the basis of disability. Id. Plaintiff requests that the Court compel Defendant to engage in arbitration because "[n]ormally in cases such as this there exists an agreement to arbitrate claims that arise [regarding] disputes with a unionized transportation service employer . . . ." Id. The Court evaluates Plaintiff's request as follows:

## LEGAL STANDARD

Plaintiff seeks to file a Motion to Compel Arbitration that is not attached to an underlying case or complaint. The United States Court of Appeals for the Eleventh Circuit has accepted "freestanding" arbitration petitions of this kind. Rush v. Carmax Auto Superstores, Inc., No. 1:20-CV-3603, 2020 WL 8617689, at *2 (N.D. Ga. Dec. 1, 2020) (citing Cmty. State Bank v. Strong, 651 F.3d 1241, 1255 (11th Cir. 2011). Because Plaintiff filed this action *in forma pauperis*, this Court must review the petition under 28 U.S.C. § 1915(e)(2). According to this provision, the Court must dismiss a case if the action is frivolous, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See § 1915(e)(2). This statute seeks "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual

allegations," the pleading must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

Because Plaintiff is proceeding *pro se*, this Court has an obligation to construe Plaintiff's pleadings liberally.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).  Moreover, all litigants, even those proceeding *pro se*, are required to conform to procedural rules, including the pleading requirements of the Federal Rules of Civil Procedure.  See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007); Fed R. Civ. P. 8(a), 10.

**ANALYSIS**

Although Plaintiff may petition the Court for an order directing the parties to participate in arbitration, a successful petition must allege "failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration." See 9

U.S.C. § 4.  Here, Plaintiff has not alleged that any written agreement to arbitrate exists.  Nor has Plaintiff alleged that Defendant has failed, neglected or refused to arbitrate with him concerning his termination.  As such, Plaintiff has failed to successfully petition this Court to compel arbitration.  See Rush v. CarMax Auto Superstores, Inc., No. 1:20-cv-3603, 2020 WL 8617688, at *1 (N.D. Ga. Sept. 30, 2020), aff'd, No. 20-14719, 2021 WL 3418839 (11th Cir. Aug. 5, 2021) (per curiam) (dismissing petition to compel arbitration where the plaintiff failed to allege the existence of a written arbitration agreement and failed to allege that the defendant had failed, neglected or refused to arbitrate with the plaintiff).  Absent such a showing by Plaintiff, this case cannot proceed.  Id.  ("These omissions leave the Court without the facts necessary to determine whether it may compel jurisdiction or even whether it has jurisdiction over this suit.").

Courts are generally required to afford a *pro se* plaintiff an opportunity to amend a pleading "where a more carefully drafted [pleading] might state a claim." Woodroffe v. Fla. Dep't of Fin. Servs., 774 F. App'x 553, 554 (11th Cir. 2019); see also Watkins v. Hudson, 560 F. App'x 908, 911 (11th Cir. 2014) ("A court must . . . afford a plaintiff an opportunity to amend his *pro se* [pleading] before dismissing with prejudice unless the plaintiff expresses a desire not to amend or an amendment would be futile.").  Therefore, Plaintiff's Motion to Compel

Arbitration is **DISMISSED WITHOUT PREJUDICE**. The Court grants leave for Plaintiff to amend his petition to include the requisite facts demonstrating the existence of an arbitration agreement and to attach the written arbitration agreement to the extent that one exists. Plaintiff is notified that the amended pleading will supersede all previous pleadings. The Court will not read the pleadings in tandem. In short, Plaintiff must ensure that his amendment complies with 9 U.S.C. § 4 and the directives of this Order.

## CONCLUSION

Pursuant to the instructions above, Plaintiff shall amend this action to adequately petition an order compelling arbitration within fourteen days of the date of this Order. The Clerk is **DIRECTED** to resubmit this matter at the expiration of the fourteen days. Plaintiff is notified that the failure to submit an amended pleading within the fourteen-day time period will result in dismissal of the entire action.

**SO ORDERED** this 30th day of May, 2023.

J. P. BOULEE
United States District Judge