IN the UNITED States District

Court For the NORTHERN District

of Georgia

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 13 2023

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

Gregory Davis
    Ploitiff
        vs.

Amalgamated Transit
Union
    DEFENDANT

CASE No.

1-22-CV-2770-JPB

Summory of AMENDment, memoRANdum of lAW
IN support of Motion to CompeL gReivence-
ARbitration (oneword) AND motion to TRANSfeR
case back to Southern DISTrict Counts

PART 1

MOTION TO TRANSFER case back to
SoUTHER District Couet.

Pg 1/10

Ref: Findlaw: According to USC 9 & 4/FAA

Act 68th U.S. Congress. Start with USC 9&4

Any party aggrievend by Alleged Foirlure,

Neglect or REFUSAL of ANOTHER to ARBITRAte

MAy petition ANY U.S. District Court. In my

opinion the NORTHERN Courts of Georgia Along

with Amalgamated Local UNION 732 have NeglecTED

AND REFUSED the petition for A year, It wasnt untiL

the SouTHAN Courts of Georgia ordered A Conference

(26) the NoRTHERN Courts iN Georgia Along with

ATLL local 732 Responded this MAy 30th 2023

ordER, my calls to JuDge Boulee office went

unheard AND ~~the~~ Neglected, Refuse Response

for A ENTINE year almost.

2/10

the SOUTHERN COURTS I SEND the SAME INFO back in APRIL 2023 they came up with the Right Remedy Conference/ or is very simular to grievence-Arbitration process. why isnt that they understood but the Northern Court didnt. (Justice has not been served in the Northern Courts in Georgia.) No Reason To Transfer back to the Northern Courts in Georgia.

ATLI 732 Refused to follow grievence-Arbitration process (that started not only with this Form Exhibit A/B but Flat out Refused Arbitration back in 2017 with AAA. Exhibit B.) THE Southern Court ACTED in Good Faith.

3/11

THE UNION OFFICIALS Local ATU 732 ARE INDEED FIDUORIES AND TRUSTEE IN which MY well-being AS A Employee to a extent they Know the process/ AND procedure for grievance-Arbitration Along with MARTA, Zenith AMERICAN TILLANIE Finch/Johnston, Della Royster, MS. Gretchen, the Retirement Committee AND otherwise CANNOT hold me as a leyman Union member AMONST the RANK-N-File at the same STANDARD. Since these official At Ment a/ Local 732, Zenth American Refused, Neglected the grievance 1st according to Contract pg 5 section A, B, (9) Arbitration is the Next Step pg 9^10 section 13, Exhibit C. FAA Act 68 congress INForces Also this motion be granted AND otherwise, FAA Act is well establish law And it is Customary for Most or All Labor Unions to go Forward with grievance-Arbitration.

4/11

# PART 2

## Motion to Compel Greivence-Arbitration
### (one Legd Word/Blacks law Dictionary).

## Background Brief

In 2014 I was involved in a hezdon collision with a motor vehicle driver that wasn't not my fault he comeover the yellowline and collided with the MCNTA bus I was driving as a Result I suffered Back, head, arm, leg and shoulder injuries as a Direct and Aproximate cause of this accident as well as signs, smyptom being diagnose PTSD, anxiety, cognitive issues other psychological issues.

Immediately I was placed on Workmans Comp eusation where I saw Doctors. However as a pent of the grievence-arbitration process.

*I was Release by Dr. David Adam on Feb-10-2016 *
2 months before 18 months exhibit D or (E)

A Breach of Duty AND A Breach of Contract According to the Collective bargaing Areement was grossly violeteD by ATU local 732 they didnt send me to there PANel of physicians to examine my injuries ( that SIR deTermiNes your RETiReMENT Benefits) Both Members of MARTA MANAgement AND UNion 732, ZeNith American ARe on the RetireMent Committee BoArd with is A multi - Employment BOARD (its A Conflict of INTerest)

Second the accident committee Never INformed me Nbout there OPINION or decision (HerDeD by UNION Steward ALfoNso Harris) this is Part of the grievence - Arbitrnation process they choose to Leave out see PG 5, 6, 7, 8, 9 on the 10 PG Contract ConceNNIng this case.

Continue of violation of the panel a physicians, Accident committee on September-15-2015

Exhib C Labor-Management meeting decided to Terminate me, 8 months! before I got this

letter pages 5,6,7,8,9 of the contract clearly Exhibit D

States whats suppose to happen if a Employee is Under a distress, Accident or and About to be Terminated. This is part of the Grievence-Anbitration process they knew very well About my situation

it was on the Internet/online, local News, even a friend of mine in California head About it of AP wire. This in Fact is a Gross Neglect, Refusd of the grievence-Anbitration process, Breach of Duty, AND Breech of Contract.

Continue: Greivence-Arbitation Process got to have both working As A Process if you violate one the whole is ~~is~~ violated, The two or three key words are <u>breach of Contract & breach of Duty. Good Faith</u>. On page 5 of the Contract 8/A <u>clearly states A employee Can Petition A greivence Arbitation Process A Union Official doesn't have to be present</u>. <u>Breach of Duty</u> Applies in this Contract is you cannot pickAND choose who can petition the greivence-arbitaction process, neither <u>Breach of Contract by not Alowwing it to go forwARD</u>. The AAA document from 2017 Clearly state ATU732 / Refusal and Grievence-form wich is A PART of Arbitation shows Neglect And Refusd to Emcil accoundry to Contract to Menta Labor Relatins eke. Ms. Cooper

Exhit D contract

Contive: Good faith meeting Never took place PENIOD. ON youtube ATLL732 Trustee tell ATU 732 president he must Act as A Fiduery to Union members I'm still a Union member AND a Employee Technically because I have A open workmans Comp Appeal on File in Court, besides All these violation occured while I was on workmens Comp so Local 732, Pat Gibes, Brit Dischs, Rufus Sims, MR. Wead & ATLL INL still has a Fiduery, Trustee Duty to Me, Fiduery means you put the employee first before the Interest of yourself, the principle MANTA, Retirement Committee al AND Union ATLL732. CASE laws:

* 6 Federal Courts enforce Arbitration. ① yaroma vs cashCall Inc cv 15-08-GFVT ② Kemph v. Reddam 13-cv-6785, ③ Williams vs CashCall Inc 92 F. Supp 3d 847 ED. Wis 2015, ④ Itays vs Delbent Serv. Comp No 3i14-cv-258 ⑤ Chitoff v. cashCall Inc No. 0i14-cv-60292, 2014 Recent too.

9/11

Continue: ARGUMENTS & Citations of Authority,

Federal Law Favors heavily ANbitration AND Requires Court to compel ANbitration. Specially under FAA Act 68 Congress written ANgument ANbitration is valid irrevocable AND enforecoble of ANY Contract.

9 USC 2 Stolt-Nielson.S.A vs. ANIMALFeens INTL Corp. 559 US. 662, 664 (2010). recent FAA Mckes sure private angumelts ane entorced. Allied-Bruce Tenminix Cos vs Dobson, 513 US 265, 270 (1995)

Conclusion

I Feel Its Unfare to have Myself crime eights years or more of my tragic incident in 14-days, where fore based on Foregoing, the Plantiff Resquests the Hounable Court to Compel gnvience - Anboitnction or Trcnster case to the Suthern Counts. pentcining to the instant Matter As well As issue ANY AND all other relief deemes Necessary AND applicabk. U.S. Constitution Rights have been violated breed of Duty's Contreat.

Date June 12-2023          Respectfully Submitteo (10/11)

                                    June 6/12/2023

# CERTIFICATE of SERVICE

I Gregory DAVIS case Number
1-22-CV-2770-JPB hereby certify I

Send copy to Amalgamated Transit Union/MARTA
732 & otherwise A copy

MARTA/ATU Retirement
committee

June-12-2023

Amalgamated Transit
Union Local 732
3234 DOGWOOD DR.
Hapeville, GA 30354

AND

MARTA/MARTA-ATU
committee
2424 PEIDMONT RD NE
Atlanta, GA 30324

11/11



*Goodfaith Document*



## AMALGAMATED TRANSIT UNION
## LOCAL 732
"Freedom through Organization"



*Exhibit A pg 4/2*

# <u>Grievance</u>

Grievance number _____  Page 1 of 3

Name GREGORY M. DAVIS  Employee I.D. Badge 5233  Date 4/4/22

Address 4642 ERVEST DR  City Forest PK  Zip 30297

Home # (7) 895-6165  Cell Phone # (7) 895-6165  Shop Steward Alfonso Roberts

Position BUS OPERATOR  Work Location C-Division/Hamilton

Superintendent/Supervisor Leonric Bechett  Phone # _____

Nature of Grievance: ~~~~ Re-initiate benefits, Etc AN Re-Retire

State Briefly and plainly all circumstances connected with case:

_____
_____
_____
_____
_____
_____

*Additional information may be brought to step(s) hearings:*

**REMEDY:** _____

Re-instate her employment with MARTA; and to make her whole with any and all backpay, overtime, holiday pay, vacation pay, insurance benefits, pension contributions, seniority, and any benefits she would have been entitled to had her employment with the authority not been interrupted.

_____
_____

**SIGNATURE:** _~~~~~~~~~~~~~_

*By signing above, I hereby authorize the Marta Transit Authority to release my employee record information to Local 732 or (appointee) Shop Steward* _____ *Yolanda Kin-Adams* _____
*ATU Officer Signature:* ___Yolanda King-Adams_____ *Date:* _____9/8/21_____

**3234 Dogwood Drive · Hapeville GA 30354**
TELEPHONE (404) 223-5122 ·FAX (404) 223-5244

*mailed*

*Exhibit A*
*pg 2/2*

*Copy USPS*



# UNITED STATES POSTAL SERVICE.

CONLEY
1333 CEDAR GROVE RD
CONLEY, GA 30288-9998
(800)275-8777

04/11/2022                               10:20 AM

| Product | Qty | Unit Price | Price |
|---------|-----|-----------|-------|
| Priority Mail® 1-Day 1 Window FR Env | 1 | | $8.95 |

*Envs*

    Atlanta, GA 30354
    Flat Rate
    Expected Delivery Date
      Tue 04/12/2022
    Tracking #:
      9510 8112 5316 2101 2583 19
    Insurance                           $0.00
    Up to $50.00 included
    Signature                           $3.45
    Confirm
Total                                   $12.40

First-Class Mail®      1                $0.58
Letter
    Atlanta, GA 30354
    Weight: 0 lb 0.60 oz
    Estimated Delivery Date
      Wed 04/13/2022
    Certified Mail®                     $3.75
      Tracking #:
        70212720000111087528
Total                                   $4.33

First-Class Mail®      1                $0.58
Letter
    Atlanta, GA 30324
    Weight: 0 lb 0.60 oz
    Estimated Delivery Date
      Wed 04/13/2022
    Certified Mail®                     $3.75
      Tracking #:
        70212720000111087542
Total                                   $4.33

First-Class Mail®      1                $0.58
Letter
    Atlanta, GA 30324
    Weight: 0 lb 0.60 oz
    Estimated Delivery Date
      Wed 04/13/2022
    Certified Mail®                     $3.75
      Tracking #:
        70212720000111087566
Total                                   $4.33

Grand Total:                            $25.39

Cash                                    $50.00
Change                                 -$24.61

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Every household in the U.S. is now
eligible to receive a second set
of 4 free test kits.
Go to www.covidtests.gov
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message





AMERICAN
ARBITRATION
ASSOCIATION
INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION

1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043
Telephone: (856)435-6401

December 5, 2017



RECEIVED
ATU LEGAL DEPARTMENT

JUN 23 2020

Exhibit B

Gregory Davis
4642 Ernest Drive
Forrest Park, GA 30297
Via Email to: mddist30297@yahoo.com

Tessa A. Warren, Esq.
Quinn, Connor, Weaver, Davies & Rouco
3516 Covington Hwy
Decatur, GA 30032
Via Email to: twarren@qcwdr.com

Case Number: 01-17-0006-8436

Gregory Davis
-vs-
Amalmagated Local 732



Dear Parties:

On November 28, 2017, claimant and respondent were notified that both parties were required to mutually authorize the AAA to administer this dispute. The claimant provided such authorization; however, the respondent declined. The filing deficiency has not been cured. Accordingly, we have administratively closed our file without prejudice.
We will refund any fees received under separate cover.

In the future should you decide to resubmit this matter, please provide all the requisite information along with the appropriate filing fee.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

Please email employmentfiling@adr.org if you have any questions, including questions about AAA's filing requirements.

Sincerely,

Employment Filing Team
employmentfiling@adr.org
Tel (856) 679-4610
Fax (877) 304-8457



**marta**

2424 Piedmont Road, NE
Atlanta, GA 30324
404-848-5000

June 1, 2016

**VIA FIRST CLASS AND CERTIFIED MAIL**

*why give me the this nothing later*

*Exhibit C*

Mr. Gregory M. Davis
4642 Ernest Drive
Forest Park, GA 30297

RE: *Termination of Seniority*

Dear Mr. Davis:

This is to inform you that in a Labor-Management meeting on September 15, 2015, the parties agreed to an interpretation of Paragraph 34.C.(4) which impacts your employment status. Based upon this recent interpretation:

- Individuals absent due to inability to perform assigned job, whose last day worked was December 31, 2014 or earlier will be subject to the terms and conditions of the Labor Agreement between Metropolitan Atlanta Rapid Transit Authority and Amalgamated Transit Union Local 732, effective November 23, 2010- June 30, 2013.

Our records reflect you last October 17, 2014, and you have been unable to perform your assigned job for a time period which exceeds 18-months. Effective *April 17, 2016* your employment with MARTA was terminated.

All MARTA property in your possession should be returned to your General Superintendent or Manager immediately. The cost of any property that is not returned will be deducted from any funds due to you from MARTA. Please contact the Benefits Office at (404) 848-5236 for information concerning the continuation of benefits. Questions concerning pension benefits should be directed to Zenith American Solutions at 770-934-3953.

MARTA wishes you success in your future endeavors.

Sincerely,

*Jim Robinson*

Jim Robinson
Senior Director of Human Resources (Acting)

# LABOR AGREEMENT

between

## AMALGAMATED TRANSIT UNION LOCAL 732

and

## METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY

Effective
January 1, 2014 – December 31, 2017

*Exhibit D Contract*

*contract*

*pgs 5-10*

*ok Send Copy LRMDAct*

*SNEVINS@JamsAdh.com*

*(Snevins@jamsadr.com*
*MDDIST30297@yahoo.com*

# Contents

## PART ONE – GENERAL SECTIONS

SECTION I: RECOGNITION ................................................................ 1

SECTION II: BARGAINING UNIT..................................................... 1

SECTION III: MEMBERSHIP............................................................ 2

SECTION IV: GRIEVANCE PROCESS............................................ 5

SECTION V: ARBITRATION............................................................. 9

SECTION VI: LAYOFFS AND RE-EMPLOYMENT..................... 11

SECTION VII: MANAGEMENT........................................................ 11

SECTION VIII: LOYALTY AND EFFICIENCY.............................. 12

SECTION IX: NO STRIKES OR LOCKOUTS................................ 13

SECTION X: POSTING RULES......................................................... 13

SECTION XI: LEAVE OF ABSENCE
FOR UNION BUSINESS................................................................... 14

SECTION XII: MEMBERS OF UNION REINSTATED ................. 14

SECTION XIII: TRANSFERS............................................................ 14

SECTION XIV: PASSES, ASSAULT INSURANCE
AND UNION BUTTONS................................................................... 17

SECTION XV: SENIORITY LISTS................................................... 17

SECTION XVI: WAGES ..................................................................... 19

SECTION XVII: VACATION ............................................................. 21

SECTION XVIII: ATTENDANCE ..................................................... 23

SECTION XIX: SICK LEAVE (SL) .................................................. 26

SECTION XX: FUNERAL LEAVE .................................................... 27

SECTION XXI: HOLIDAYS............................................................... 28

SECTION XXII: JURY DUTY............................................................ 31

SECTION XXIII: GROUP INSURANCE.......................................... 32

SECTION XXIV: INJURY ON JOB................................................... 37

SECTION XXV: MILITARY LEAVE ................................................ 39

SECTION XXVI: MISCELLANEOUS............................................... 39

## PART TWO – TRANSPORTATION DEPARTMENT

SECTION XXVII: TIME AND PAY ALLOWANCES..................... 43

SECTION XXVIII: MARK-UPS ........................................................ 44

ECTION XXIX: RUN CLASSIFICATIONS................................. 49

Contract 2014-2017

**SECTION XXX: OVERTIME-PREMIUM
AND BONUS TIME**.................................................................. **49**
**SECTION XXXI: TRAVEL TIME**............................................ **52**
**SECTION XXXII: EXTRA BOARD** ......................................... **54**
**SECTION XXXIII: PART-TIME BUS OPERATORS** ................... **56**
**SMALL BUS OPERATORS** ...................................................... **57**
**PARATRANSIT OPERATORS**.................................................. **58**
**SECTION XXXIV: RAIL OPERATORS** .................................... **61**

## PART THREE

**SECTION XXXV: OPERATOR - MISCELLANEOUS** ................... **63**
**SECTION XXXVI: BUS MAINTENANCE DEPARTMENT**......... **65**
**SECTION XXXVII: RAIL SYSTEMS MAINTENANCE
DEPARTMENT**......................................................................... **67**
**SECTION XXXVIII: INFRASTRUCTURE DEPARTMENT**........ **69**
**SECTION XXXIX:
ALL MAINTENANCE DEPARTMENTS GENERAL** .......... **71**

## PART FOUR – OTHER DEPARTMENTS

**SECTION XL: SERVICE DEPARTMENT** .................................... **77**
**SECTION XLI: BLOCKOUT DEPARTMENT** .............................. **83**
**SECTION XLII: REVENUE COLLECTION DEPARTMENT**..... **86**
**SECTION XLIII: STORES DEPARTMENT** ................................ **91**
**SECTION XLIV: SECURITY DEPARTMENT** ............................. **95**
**SECTION XLV: CLERICAL DEPARTMENT**............................... **96**
**SECTION XLVI: TRAFFIC CHECKERS** ...................................... **99**
**SECTION XLVII: PRINT SHOP**............................................... **102**
**SECTION XLVIII: STATION AGENTS**........................................ **104**

## PART V: CONTRACT TERMS

**SECTION XLIX:** ...................................................................... **106**
**PERIOD COVERED BY CONTRACT**.......................................... **106**

## LABOR AGREEMENT

THIS AGREEMENT made and entered into by and between the Metropolitan Atlanta Rapid Transit Authority, its successors, lessees, and assignees, hereinafter for the sake of convenience called "MARTA," party of the first part, and the Amalgamated Transit Union, Local 732, of Atlanta, Georgia, hereinafter for the sake of convenience called the "Union," party of the second part.

Nothing in this agreement shall be construed by the Union, by the employees covered by this agreement, or by MARTA to forego any rights or benefits they may have under the 13-C Agreement and Pension Plan.

WITNESSETH: That for the purpose of facilitating the peaceful adjustment of disputes which may arise from time to time in the operation of the buses and other transportation equipment of MARTA, and the promotion of harmony and efficiency in the departments of MARTA where the members of the Union are employed, the parties hereto contract and agree as follows:

# PART ONE – GENERAL SECTIONS
## SECTION I: RECOGNITION

1.   MARTA recognizes the rights of its employees to bargain collectively through representatives of their own choosing, and recognizes the Union as the exclusive representative of the employees in the departments covered by this agreement, for the purpose of collective bargaining with respect to rates of pay, hours of employment, working conditions, and other conditions herein provided.

## SECTION II: BARGAINING UNIT

2.   This agreement shall apply only to regular full and part-time represented bus and rail employees of MARTA working in the

1

Transportation Department (Operators, Paratransit Operators, and Small Bus Operators), Bus Maintenance Department, Rail Systems Maintenance Department, Infrastructure Department, Service Department, Blockout Department, Revenue Collection Department, Stores Department, Security Department, Clerical Department, Traffic Checkers, Print Shop, and Station Agents (hereinafter sometimes called the "Bargaining Unit"). The wage rates for these employees are shown in exhibits attached to this Agreement.

## SECTION III: MEMBERSHIP

3.   All members of the bargaining unit as specified in Paragraph 2, who are on the regular payroll of MARTA, shall be eligible for membership in said Union and have the right to join or not to join the Union as they individually prefer. It is agreed that there shall be no discrimination for or against such employees of said departments on account of membership in the Union or for the exercise of legitimate union activities in connection therewith, and likewise that no such employee of MARTA shall be discriminated against for non-membership in the Union, and that neither the Union nor employees of MARTA who are members of the Union shall attempt to coerce such employees of MARTA into joining the Union against their will or interfere with them in any way because of failure or refusal on their part to join the Union. MARTA agrees that the Union will be allotted forty-five (45) minutes during the initial hiring of all represented employees for the purpose of conducting an orientation program. The Union agrees that such orientation will be conducted in a professional manner with no derogatory remarks regarding MARTA. Additionally, new hires that do not wish to attend the orientation will not be required to do so. All expenses will be borne by the Union.

4.  All new employees hired to fill any of the jobs covered by this agreement will be considered on trial for the first 60 days of their employment. During this 60-day trial/probationary period, MARTA may, at its option, extend the trial/probationary period an additional 30 days.

    During this trial/probationary period such employees must be able to furnish satisfactory bond, show an aptitude for the work in which they are engaged, and the ability and desire to advance. During this 60/90-day trial/probationary period, MARTA may, at its option, dismiss, lay off, or transfer such employees, at its discretion with or without cause. At the end of the trial/probationary period, lose outs (late for work) accrued during the trial/probationary period, will be cleared from the employee's record. The probationary period for operators hired from outside the Authority will start the day they are "passed on." If an employee's probation is to be extended 30 days, the Union will be notified. Employees shall not be eligible to receive the following benefits during their first sixty (60) days of employment: Holidays, Jury Duty, Funeral Leave, Vacation, Sick Leave, Life Insurance, Uniform Allowance, Tool Allowance, or Military Leave. Part-time employees shall not be eligible for applicable healthcare benefits until after one year of employment. At the end of the first sixty (60) days of employment, the beginning date for accrual for Vacation and Sick Leave shall revert to the date of employment. New employees shall be eligible to receive health insurance thirty (30) days after commencing employment.

5.  All members of the bargaining unit, as specified in Paragraph 2, shall be represented by the Union when they have completed their 60/90 day trial period, and they shall have the right to join or not to join the Union as they see fit. MARTA seniority of both full-time and part-time employees retained after their trial period shall begin with the date of their first respective full-time or part-time continuous employment.

3

6.  MARTA agrees that it will, during the life of this agreement, honor written voluntary individual membership dues check-off and COPE check-off requests of employees in the jobs covered by this agreement, until such check-off request is revoked in writing by the employee in accordance with the procedure outlined in this paragraph. Upon receipt by MARTA of a signed authorization, MARTA will deduct the Union initiation, assessment or reinstatement fees, and monthly dues from the pay of each of its employees who have or may hereafter authorize such deductions. The sum so deducted shall be paid monthly to the appropriate financial officer of the Union, together with an itemized statement showing the source of each deduction. All authorized deductions shall be effective and irrevocable for a period of one year or to the termination of this Labor Agreement, whichever occurs sooner. This authorization shall continue in full force and effect for yearly periods beyond the irrevocable period set forth above, and each subsequent yearly period shall be similarly irrevocable, unless revoked within 15 days after an irrevocable period hereof. Such revocations shall be effected by written notice sent by Certified or Registered Mail to both MARTA and Union within such 15-day period. However, an employee who transfers to a non-represented status with MARTA may resign from the Union at any time after a three-month waiting period.

7.  It is further agreed between MARTA and the Union that if the Statute of the State of Georgia signed by the Governor of Georgia on March 27, 1947, Georgia Laws 1947, Page 616, prohibiting a Union Shop is repealed, held to be invalid, or held to be inapplicable, that the Union may request, and MARTA will then agree, subject to the provisions of Section 8(a)(3) and Section 302 of the Labor Management Relations Act of 1947, that Section III, Paragraphs 5 and 6 as amended June 26, 1946, and 7 of the Agreement between them which expired on April 30, 1947, shall become a part of this Agreement in lieu of applicable paragraphs above.

4

## SECTION IV: GRIEVANCE PROCESS

8.  MARTA agrees to meet with duly accredited officers and committees that are elected or selected by the Union to answer questions and resolve grievances that may arise between the parties during the life of the contract.

    A.  A grievance is defined under this agreement as a dispute brought by the Union or an employee in the bargaining unit arising over the interpretation, application, and the terms of the agreement or work rules. The grievance shall specify the rule or policy violated and all the facts or the alleged facts relied upon to support the contention of the employee.

    B.  All parties will cooperate with each other in the investigation of grievances to provide information to aid in the resolution of disputes. MARTA Labor Relations shall receive and coordinate the advancement of all grievances through the electronic grievance process. The original grievance and all appeals by the Union to the next step of the grievance process must be made by giving electronic notice through the electronic grievance process if it is functioning, if it is not functioning then notice shall be given by electronic mail if functioning and in instances of that system failure then fax transmittals may be used.

9.  After a thorough investigation of the incident giving rise to the discipline, employees found to have been disciplined in error or not for just cause shall be reinstated to their former position and the remedy related to wrongful discipline shall be granted.

10. When MARTA is made aware of an event involving an employee that results in discipline, that employee shall be issued discipline within five (5) business days. At the

5

discipline meeting, the employee may, if he/she specifically requests it, have Union representation present. Violations other than a routine nature that may have to be investigated (such as accidents or safety issues, mishandling of fares, work place violence,) shall have the investigation concluded within two weeks. Any investigation with extenuating circumstances that require more than two weeks to complete should be discussed and explained to the Union steward handling the grievance and the appropriate full-time Union officers.

A. When employees are at work and subsequently suspended, the disciplinary action will not start until the next day. Nothing herein shall abridge the right of MARTA to lay off employees because of lack of work.

B. MARTA reserves the right to administer working suspensions at its discretion.

11. Employees shall first submit the grievance to their Union Official, within five (5) business days of the occurrence of the event giving rise to the grievance or upon being notified of the discipline by MARTA management. The Union must send the grievance via the electronic grievance process if it is functioning, if it is not functioning then the grievance must be transmitted by electronic mail if functioning and, in instances of that system failure then fax transmittals may be used, directly to MARTA Labor Relations within five (5) business days after receipt of the grievance above. If these timelines and grievance requirements are not met, the grievance shall be deemed abandoned and not entitled to consideration thereafter.

12. Upon receipt of the grievance, the parties at each step of the grievance process will have five (5) business days to arrange a meeting between the Union Officer(s) or their designee and Management. At each step of the grievance process,

6

the grievance meeting will be conducted by the appropriate General Superintendent/Manager, Director, Senior Director/AGM, Executive or their designee.

Step 1   General Superintendent/Manager or designee will then have five (5) business days to respond to the Union Official(s) via electronic mail.

Step 2   If Settlement is not obtained in Step 1, the grievance shall be referred by the Union Officer (s), steward or designee to MARTA Labor Relations electronically, through the electronic grievance process if it is functioning, if it is not functioning then notice shall be given by electronic mail if functioning and in instances of that system failure then fax transmittals may be used, within five (5) business days for transmittal to the appropriate Director. The Director will have five (5) business days to respond via electronic mail to the Union Officer(s) after their initial meeting.

Step 3   If settlement is not obtained in Step 2, the grievance shall be referred by the assigned Union officer(s), steward or designee to MARTA Labor Relations electronically, via email or by fax, within five (5) business days for transmittal to the next senior level of management as appropriate for a response. The Step 3 hearing officer will have ten (10) business days to respond via electronic mail to the Union Officer(s) after their initial meeting.

A.  *Expedited Grievance*:  A grievance may be filed directly with MARTA Labor Relations via the electronic grievance process if functioning, if it is not functioning then by electronic mail and in instances of electronic mail system

7

failure then fax transmittal may be used. MARTA Labor Relations will forward to the appropriate Department Director or designee, for any disciplinary action resulting in suspension or discharge. The grievance must be filed within five (5) business days of the event giving rise to the grievance. The Director will have five (5) business days to respond to the Union Officer(s) after their initial meeting. If the grievance is not resolved after the Director's response, it may be referred to step 3 as described above.

B. *Time Limits*: The Grievance/Arbitration process outlined herein may be extended by written mutual agreement. In addition, if the electronic grievance process is not functioning then electronic mail may be used and in instances of electronic mail system failure then fax transmittals may be used, in order to protect time limits. In such cases, electronic mail will be submitted when access to the grievance tracking system is restored.

*Never got to this point*

If the grievance (individual or collective) is not appealed to the next step within the time limitations specified herein, it shall be considered abandoned on the basis of the decision in the previous step. If management fails to respond within the specified time limits, the remedy asked for in the grievance shall be granted.

For the purpose of this grievance process, business days are considered Monday through Friday, excluding weekends and holidays.

C. *Discipline*: When employees are to be disciplined, and the amount of discipline has been determined, MARTA will notify the Union of the suspension or discharge as soon as possible after the fact. Such notification shall be in writing via MARTA's email system and shall include a specific description of the reason such action was taken.

8

D. *Collective Grievance*: ATU Collective grievances may be directly filed MARTA Labor Relations via the electronic grievance process if functioning, if it is not functioning then by electronic mail and in instances of electronic mail system failure then by fax transmittal. MARTA Labor Relations will transmit the grievance to the appropriate Director or designee for response. The Director will have thirty (30) business days after receipt of the grievance to respond to the Union.

E. *Unresolved Grievance*: If the grievance is not settled in Steps 1, 2, or 3 of the grievance procedure and if all of the applicable time limits have been met, then the Union may request in writing that the grievance be submitted to arbitration. The request must be made not later than five (5) business days after the next regular Union meeting at which the aggrieved could be notified to attend. If the Union does not request arbitration within the allotted time, the grievance will considered abandoned.

F. *Drug and Alcohol-Disciplinary/Discharge:* Employees found to be in violation of MARTA's Drug and Alcohol Policy who wish to grieve the disciplinary action can only have their grievance referred by the Union President or Vice President(s) to Labor Relations to be directed to the Step 3 hearing officer. The grievance must be filed within seven (7) business days of the disciplinary action or the matter will be considered abandoned. The Step 3 hearing officer will respond to the Union President and/or Vice President(s) within thirty (30) working days after their initial meeting. An untimely response does not constitute an automatic reversal of the discipline/discharge imposed.

## SECTION V: ARBITRATION

13. If, during the period covered by this contract, any disputes arise between MARTA and the Union, or its members, as to

9

the interpretation, meaning or application of any provision of this agreement over which they cannot agree, the same may be submitted to a Board of Arbitration (in accordance with the procedures set forth in Paragraph 11), composed of three (3) persons, one Arbitrator to be chosen by MARTA, one by the Union, and the two Arbitrators thus selected shall choose a third Arbitrator. The Board of Arbitrators so constituted shall hear all evidence and arguments on the points in dispute and the written decision of a majority of the members of the Board of Arbitration shall be binding on the parties hereto. The parties hereto shall each pay the Arbitrator of its own selection, and they shall jointly pay the third Arbitrator and the other legitimate joint expenses of such arbitration, each party paying its own expenses incurred in preparing and presenting its case. In the event of failure of the two Arbitrators to agree upon a third or neutral Arbitrator within ten (10) days after their appointment, then the third Arbitrator shall be selected from a list of seven (7) Arbitrators supplied by the Federal Mediation and Conciliation Service upon request. Lists for discharge cases shall be supplied by the American Arbitration Association (AAA). The AAA streamlined arbitration rules will be used in any arbitration if both sides agree. If the two previously chosen Arbitrators do not mutually agree upon the third from the list of seven within ten (10) days from the time that the 1st of seven has been submitted by the Federal Mediation and Conciliation Service or the AAA, then the neutral Arbitrator shall be selected by the Union striking one from the list of seven, MARTA striking one, and so on, until one Arbitrator is left on the list, who shall be the neutral Arbitrator. The Arbitration Board shall render its decision within thirty (30) days after the completion of the hearings. Tripartite arbitration boards may be waived with the consent of both parties and the neutral arbitrator may decide the case.

10

**David B. Adams, Ph.D., FAACP, FAPM**
Board Certified in Clinical Psychology (ABPP)
Fellow, Academy of Psychosomatic Medicine
Diplomate, American Academy of Pain Management
**Atlanta Medical Psychology**
The Medical Quarters - Suite 251
5555 Peachtree Dunwoody Road, N.E.
Atlanta, GA 30342-1719
404.252.6454          Fax: 404.851.9286
psychological.com     AtlantaMedicalPsychology@gmail.com

**Office Visit or Addendum Note** (draft copy)

**02/10/2016**

**Chart: 5909**   **Last Name: Davis**   **First Name:** Gregory   **MI:** ---   Title: Mr.
**S.S.N.:** 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   **Date of Birth:** 02/21/1968   **Age:** 48   **Referred By:** Ms. Lindy Mann

--------------------------------------------------DEMOGRAPHICS--------------------------------------------------

**City:** Forrest Park   **State:** GA   **Marital Status:** M   **Sons:** 0   **Daughters:** 0

--------------------------------------------------REFERRAL--------------------------------------------------
**Date of Initial Exam:** 12/16/14   **Injury:** Rt. Leg, shoulder, cervical and lumbar in MVA. Other driver killed   **Date of Injury:**
2014/10/12   **Treating MDs:** Dr. Vincent Smith
**Education:** 12+   **Occupation:** Driver   **Employer:** MARTA
**Surgeries:** None specified   **Rx:** Nsaids
**Reason for Psych. Referral:** PTSD   **First Return Visit:** 12/30/14   **Authorized Visits:** ˜
**Case Manager:** Ms. Mann   **Insurer:** Marta   **Attorney:** N/S

--------------------------------------------------------------------------------
**Case Overview from Initial Exam:** 12/16/14 - 48 yo married male, no children, paralegal trained, 16 years bus driver for MARTA.
Man drove head-on into patient's bus and was killed. Four passengers aboard, several injured. Patient has spinal and right side
orthopedic complaints, see by Dr. Vincent Smith was seen by EAP and been in PT. Has difficulty when other vehicles approach his.
--------------------------------------------------------------------------------

## PROGRESS NOTE

**SUBJECTIVE** (complaints): Mr. Davis states that he is looking for grant and aid to return to school, that he does not feel others are
safe riding with him in a vehicle, that he must take remedial courses.

**OBJECTIVE:**
1. **Biobehavioral:** N/A

2. **Psychotherapy:** Mr. Davis (45 min) presents with mild pain complaints, minimal PTSD complaints except when in traffic in which
others are driving unsafely.

3. **(02/10/2016) Formal Dx Testing of Psych. Status:** Formal Treatment Progress Assessment - **Depressive Symptoms:** No   **Anxiety
Symptoms:** Yes   **Sleep Disorder:** No   **Eating Disorder:** No   **Sexual Problems:** No   **Irritability and/or impatience:** No   **Problems with
Attention:** No   **Problems with Concentration:** No   **Intrusive Thoughts:** Occasional   **Problems with Recent Memory:** No   **Problems with
Distant Memory:** No   **Obsessive Thought:** Yes   **Phobic Avoidance:** No   **Sensory Changes:** No   **Thoughts of Harm to Others:** No
**Thoughts of Self Harm:** No   **Compulsive Behaviors:** No   **Ethanol Abuse or Dependence:** No   **Narcotic Abuse or Dependence:** No
**Symptoms Unrelated to Injury:** Yes   **Date of Career/Vocational Evaluation:** N/A

**ASSESSMENT:** Mr. Davis is capable of functioning without psychological care, and he accepts that assessment.

**Diagnosis:** (mild residual pain) 300.82 Somatic Symptom Disorder with predominate pain, persistent, now mild;
**Diagnosis:** --
**Diagnosis:** 309.81 (F43.1) Posttraumatic Stress Disorder (without dissociative symptoms) - residual limitations exist
**Personality Diagnosis:** V71.09 No Dx (compulsive features noted)   **WHODAS:** ˜2.0 Mild

**PLAN:** Mr. Davis has been released and will call this office prn if difficulties arise.   **MMI Release:** 2/10/2016

EXHIBIT # D-4
PAGE # 1 OF 3

David B. Adams, Ph.D., FAACP
*(dictated but not read)*

Metropolitan Atlanta Rapid Transit Authority



February 2, 2016

Dr. David Adams                                    Fax: 404/851-9286
Atlanta Medical Psychology              E-Mail: AtlantaMedicalPsychology@gmail.com
The Medical Quarters
5555 Peachtree Dunwoody Road
Suite 251
Atlanta, GA 30342-1719

Re: Gregory Davis
Cl# 5-5565A01
D/A: 10/14/2014
DOB: 2/21/1968

The injured worker noted above, is receiving treatment from you for a workers compensation injury that occurred on 10/14/2014.

Mr. Davis has received a full duty release from

Please provide the following information:

Date of Last Office Visit _2/10/16_    Next Office Visit _0_

Diagnosis _300.82 Somatic Symptom Disorder (pain)_ Prognosis _Excellent_

**WORK STATUS:** (please check)

Full Duty _____    No Work _____    Discharged from Care _X_    Date _2/10/16_

If **NOT** at Full Duty, can injured work return to **Modified/Transitional Work** at this time?  YES    NO

_not driving_

| Restriction | 1-33% OF TIME | 33-66% OF TIME | MORE THAN 66% |
|---|---|---|---|
| Lifting or Carrying Up to 10 lbs | | | |
| Lifting or Carrying Up to 20 lbs | | | |
| Lifting or Carrying 20 - 50 lbs | | | |
| Lifting or Carrying 50 - 100 lbs | | Ortho determination | |
| Lifting or Carrying Over 100 lbs | | | |
| Sitting | | | |
| Standing | | | |
| Walking | | | |
| Bending Over | | | |
| Twisting | | | |
| Climbing | | | |
| Reaching Above Shoulder Level | | | |
| Crouching/Stooping | | | |
| Kneeling | | | |
| Balancing | | | |

EXHIBIT # D-4
PAGE # 2 OF 3

| Pushing or Pulling | | | |
|---|---|---|---|

Is Injured Worker at **Maximum Medical Improvement?**      YES    NO

Treatment Plan / Recommendation



**Physician's Signature:** _____      **Date:** ___2/10/16___

Thank you for your time and assistance in this case.

Please contact me should you have any questions or concerns. I can be reach at the number listed below

Jeannie Hodges RN BS CCM

Medical Nurse Case Manager

Amerisys- Marta

Phone: 404/554-8394

Fax: 404/554-8395

E-mail: Jeannie.hodges@amerisys-info.com

EXHIBIT # D-4

PAGE # 3 OF 3

Grievance number _____ Date _____

**Step 1: Met with**: _____

**Management's Position** _____ Date _____ Time _____

**Remarks**: _____

_____

_____

_____

**Worked by**: _____ Date _____

**Step 2: Met with**: _____

**Management's Position** _____ Date _____ Time _____

**Remarks**: _____

_____

_____

_____

**Worked by**: _____ Date _____

**Step 3: Met with**: _____

**Management's Position** _____ Date _____ Time _____

**Remarks**: _____

_____

_____

**Worked by**: _____ Date _____

**Final Disposition**:

_____

_____

_____

Shop Steward Signature: _____ Date _____

Completed by: _____ Date _____

Officer: _____ Date _____