UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GREGORY M. DAVIS,

          Plaintiff,

   v.

AMALGAMATED TRANSIT
UNION,

          Defendant.

CIVIL ACTION NO.
1:22-CV-02770-JPB

## ORDER

This case is before the Court on a second frivolity determination pursuant to

28 U.S.C. § 1915(e)(2) and on Plaintiff's Petition for Writ of Mandamus [Doc. 6].

This Court finds as follows:

## BACKGROUND

### A. Plaintiff's Initial Motion to Compel Arbitration

On July 14, 2022, Gregory M. Davis ("Plaintiff") sought leave to initiate the

instant civil action *in forma pauperis* against Amalgamated Transit Union

("Defendant").  [Doc. 1].  Plaintiff attached to his application a Motion to Compel

Arbitration (the "Initial Motion").  [Doc. 1-1]; [Doc. 3].  The Initial Motion alleged

that on October 12, 2014, while working as a bus operator, Plaintiff was involved

in a motor vehicle accident.  [Doc. 3, p.1].  Plaintiff stated that he suffered several

physical injuries and psychological issues "as a direct and proximate cause of the

accident." Id. Plaintiff alleged that after the accident, he was "not contacted by anyone [regarding] any instructions for continuing [employment]." Id. at 2.

According to Plaintiff, his employer, the Metropolitan Atlanta Rapid Transit Authority ("MARTA"), terminated him for not being able to perform his job duties. Id. The Initial Motion asserted that "there exists a cause of action for wrongful termination of employment and discrimination on the basis of disability." Id. Plaintiff contended that "[n]ormally in cases such as this there exists an agreement to arbitrate claims that arise [regarding] disputes with a unionized transportation service employer . . . ." Id. Plaintiff thus initiated the instant action against Defendant, requesting that the Court compel Defendant to engage in arbitration of his claims. Id. at 6.

Upon review, the Magistrate Judge granted Plaintiff's Application for Leave to Proceed *in forma pauperis*. [Doc. 2]. In the same order, the Magistrate Judge directed the Clerk to refrain from forwarding the Initial Motion to the United States Marshals Service until this Court orders otherwise. Id. at 1. The Magistrate Judge also directed the Clerk to submit the Initial Motion to this Court for a frivolity determination under 28 U.S.C. § 1915(e)(2). Id. at 2. While the Initial Motion was pending in this Court, Plaintiff filed a second action to compel arbitration in the United States District Court for the Southern District of Georgia. See Davis v. Amalgamated Transit Union, Local # 732, No. 2:23-cv-48 (S.D. Ga. Apr. 17,

2023).  Magistrate Judge Benjamin W. Cheesbro found that venue was not proper in the Southern District of Georgia and transferred the second action to this Court on May 1, 2023.  Id.

Thereafter, this Court reviewed and dismissed the Initial Motion without prejudice on May 30, 2023, because Plaintiff failed to allege there was an arbitration agreement between the parties.  [Doc. 4].  In its Order, the Court granted leave for Plaintiff to amend his pleading to adequately petition an order compelling arbitration.  Id.

**B. Plaintiff's Amended Motion to Compel Arbitration, Motion to Transfer and Petition for Writ of Mandamus**

On June 13, 2023, Plaintiff filed the instant Amended Motion to Compel Arbitration and Motion to Transfer ("Amended Motion"), wherein he asks this Court to transfer his case back to the Southern District of Georgia and to compel Defendant to engage in arbitration related to Plaintiff's termination of employment.  [Doc. 5].  In his Amended Motion, Plaintiff realleges the same facts regarding the 2014 motor vehicle accident that occurred while he was employed by MARTA and attaches additional documentation to support his claims.  [Doc. 5, p. 5].  Plaintiff ultimately contends that Defendant's refusal to engage in the grievance-arbitration process was a breach of duty and a breach of the applicable labor agreement between Defendant and MARTA ("Labor Agreement").  Id. at 7.

Plaintiffs' attachments include a copy of the Labor Agreement, which provides that employees shall first submit a grievance to the union within five days of the event giving rise to the grievance. Id. at 24. The union must then send the grievance to MARTA within five business days of receipt. Id. If the grievance procedure does not produce a settlement, the Labor Agreement states that the union can request that the grievance be submitted to arbitration. Id. at 27–28.

Plaintiff's attachments also include documents showing that after Plaintiff's accident, he was cleared by a physician to return to transitional work on February 10, 2016, but he never returned to his assigned position. Id. at 15, 30–31. On June 1, 2016, the Acting Senior Director of Human Resources of MARTA sent a letter to Plaintiff notifying him of his termination. Id. at 15. The letter states that Plaintiff was terminated on April 17, 2016, in accordance with the Labor Agreement due to Plaintiff's inability to perform his assigned job for more than eighteen months. Id.

Finally, Plaintiff attached to his Amended Motion a December 5, 2017 letter from the American Arbitration Association ("AAA") stating that on November 28, 2017, Plaintiff and Defendant were notified that the AAA could not move forward with arbitration because Defendant declined to authorize arbitration. Id. at 14. On April 4, 2022, Plaintiff filed a formal grievance with Defendant for the

reinstatement of his employment with MARTA and for backpay and benefits.  Id. at 12.

After Plaintiff filed his Amended Motion, Plaintiff also filed a Petition for Writ of Mandamus ("Petition") on July 31, 2023.  [Doc. 6].  In his Petition, Plaintiff requests mandamus relief against this Court, two Southern District of Georgia judges and Defendant, requiring them to "move forward with past motions" regarding compelling arbitration.  Id. at 2.  Plaintiff also provides further arguments as to why the Court should order arbitration or, alternatively, some other form of dispute resolution and requests that the Court order punitive damages against itself and Defendant for delaying arbitration.  Id. at 2–4.  The Court evaluates Plaintiff's Amended Motion and Petition as follows:

## LEGAL STANDARD

Because Plaintiff filed this action *in forma pauperis*, the Court will first review the Amended Motion under 28 U.S.C. § 1915(e)(2).  This statute requires the Court to dismiss a case if the action is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  See § 1915(e)(2).  Section 1915(e)(2) seeks "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and

because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," the pleading must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

Further, because Plaintiff is *pro se*, the Court has an obligation to construe Plaintiff's pleadings liberally. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010). Moreover, all litigants, even those proceeding *pro se*, are required to conform to procedural rules, including the pleading requirements of the Federal Rules of Civil Procedure. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007); Fed. R. Civ. P. 8(a) (requiring a pleading contain "a short and plain statement of the claim showing that

the pleader is entitled to relief"); Fed. R. Civ. P. 10 (setting forth the required form for pleadings).

## ANALYSIS

At the outset, the Court notes that it construes Plaintiff's Amended Motion as requesting this Court to compel arbitration based on Defendant's alleged breach of its duty of fair representation by declining to arbitrate Plaintiff's grievance.  See Vaca v. Sipes, 386 U.S. 171, 196–97 (1967) (holding that a court may compel arbitration when a union breaches its duty of fair representation by wrongfully denying employees an arbitration remedy available in a labor agreement).  Under the duty of fair representation, "a union must represent fairly the interests of all bargaining-unit members during the negotiation, administration, and enforcement of collective-bargaining agreements."  Int'l Bhd. of Elec. Workers v. Foust, 422 U.S. 42 (1979).  A union breaches the duty of fair representation when it "arbitrarily ignore[s] a meritorious grievance or process[es] it in [a] perfunctory fashion."  Vaca, 386 U.S. at 191.  Significant here, claims for breach of duty of fair representation are subject to the six-month statute of limitations period established by § 10(b) of the National Labor Relations Act.  Erkins v. United Steelworkers of Am., 723 F.2d 837, 840 (11th Cir. 1984).

Having reviewed Plaintiff's Amended Motion, the Court finds that Plaintiff's pleading is still deficient and fails to state a cognizable claim to relief.

First, Plaintiffs claims were not filed within the six-month statute of limitations period, which began to run when he had actual or constructive knowledge of the union's inadequate representation.  See Samples v. Ryder Truck Lines, Inc., 755 F.2d 881, 887 (11th Cir. 1985) (holding that an employee's right to bring suit accrues when he knows or should know of his union's breach of its duty to represent him).  Here, construing the facts most favorably to the Plaintiff, the six-month limitations period began to run when Plaintiff received notice of Defendant's failure to authorize arbitration on December 5, 2017.  [Doc. 5, p. 14]. Assuming, as Plaintiff alleges, that this was the point that Plaintiff had actual knowledge of the alleged breach, Plaintiff had until June 5, 2018, to file the instant action to compel arbitration.  Id. at 7.  Plaintiff did not file suit until July 14, 2022. For this reason, Plaintiff's claim is barred by the statute of limitations.

Further, even if Plaintiff's action was not time-barred, he still fails to state a claim for breach of duty of fair representation.  To succeed on a claim for breach of duty of fair representation, a plaintiff must show the union declined to go through the grievance procedure arbitrarily or in bad faith.  Vaca, 386 U.S. at 191.  Here, Plaintiff sets forth conclusory allegations that Defendant acted in bad faith by refusing to authorize arbitration but fails to provide facts supporting a cognizable claim to relief.

For instance, according to the Labor Agreement attached to Plaintiff's Amended Motion, Plaintiff had five days from the date he received notice of his termination on June 1, 2016, to submit his grievance. However, Plaintiff does not provide any evidence suggesting that he filed a timely grievance. Rather, Defendant attached a grievance form that he submitted on April 4, 2022, which was almost six years after he received notice of termination. Because Plaintiff has not shown that he properly initiated the grievance procedure such that arbitration would be available under the Labor Agreement, Plaintiff's motion to compel arbitration is due to be dismissed. Plaintiff's additional Motion to Transfer and Petition for Writ of Mandamus are likewise due to be dismissed as moot.

## CONCLUSION

For the foregoing reasons, Plaintiff's Amended Motion to Compel Arbitration and Motion to Transfer [Doc. 5] is **DISMISSED** with prejudice. Plaintiff's Petition for Writ of Mandamus [Doc. 6] is **DISMISSED** as moot. The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 20th day of November, 2023.

_____
J. P. BOULEE
United States District Judge