# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith  
Clerk of Court

For rules and forms visit  
www.ca11.uscourts.gov

February 20, 2024

Gregory M. Davis  
4642 ERNEST DR  
FOREST PARK, GA 30297

Appeal Number: 23-12905-A  
Case Style: In re: Gregory Davis  
District Court Docket No: 1:22-cv-02770-JPB

The enclosed order has been entered. No further action will be taken in this matter.

Any pending motions are now rendered moot in light of the attached order.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-12905

_____

In re: GREGORY M. DAVIS,

                                                                               Petitioner.

_____

On Petition for Writ of Mandamus to the
United States District Court for the
Northern District of Georgia
D.C. Docket No. 1:22-cv-02770-JPB

_____

Before BRASHER and ABUDU, Circuit Judges.

BY THE COURT:

| 2 | Order of the Court | 23-12905 |
|---|---|---|

Gregory Davis, proceeding *pro se*, filed a mandamus petition arising out of proceedings on a motion to compel arbitration that he filed in the U.S. District Court for the Northern District of Georgia. He also moved to proceed *in forma pauperis* ("IFP"). Davis filed the instant mandamus petition on September 5, 2023, asking us to compel the district court to begin the grievance-arbitration process and requesting that we order punitive damages and injunctive relief. On November 20, 2023, the district court conducted a frivolity determination, per 28 U.S.C. § 1915(e)(2), and dismissed Davis's amended motion to compel arbitration with prejudice, finding that it was time-barred and, alternatively, he still failed to state a claim for a breach of the duty of fair representation.

Mandamus is available only in drastic situations when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion. *United States v. Shalhoub*, 855 F.3d 1255, 1259 (11th Cir. 2017); *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quotation omitted). Mandamus may not be used as a substitute for appeal or to control decisions of the district court in discretionary matters. *Jackson*, 130 F.3d at 1004. When an alternative remedy exists, even if it is unlikely to provide relief, mandamus relief is not proper. *See Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1298 (11th Cir. 2004).

Mandamus may be used to direct a district court to decide a pending case when there has been unreasonable delay in rendering a decision. *See Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (holding that a 14-month delay in ruling on a 28 U.S.C. § 2241

Case 1:22-cv-02770-JPB   Document 9   Filed 02/20/24   Page 4 of 5
USCA11 Case: 23-12905   Document: 7-2   Date Filed: 02/20/2024   Page: 3 of 4

23-12905               Order of the Court                    3

petition for no reason other than docket congestion was impermissible). "[A] writ of mandamus may issue only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *In re Smith*, 926 F.2d 1027, 1030 (11th Cir. 1991) (quotation omitted).

"[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) (quotation marks omitted). "[A]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotation marks omitted).

First, in light of the district court's order ruling on his amended motion to compel arbitration, Davis's mandamus petition is hereby **DISMISSED IN PART** as moot, to the extent it raises a claim of unreasonable delay by the district court. *Zinni*, 692 F.3d at 1166; *Christian Coal. of Fla., Inc.*, 662 F.3d at 1189. Next, to the extent that Davis's mandamus petition seeks injunctive relief and damages, this request is not cognizable in mandamus because he asks us to act, rather than to compel an inferior federal court to act. *Smith*, 926 F.2d at 1030. Further, to the extent he argues that he is entitled to arbitration, Davis has the adequate alternative remedy of making this argument on appeal. *Jackson*, 130 F.3d at 1004; *Lifestar Ambulance Serv., Inc.*, 365 F.3d at 1298. Therefore, Davis's

| | | |
|---|---|---|
| 4 | Order of the Court | 23-12905 |

mandamus petition is **DENIED IN PART**. His IFP motion is **DENIED** as moot.